IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JAN 1 3 2016

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     Criminal No. 1:16-MJ-21 |
| | ) |
| JOHN DOE | ) |
| | ) |
| Defendant | ) |

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Tiffany J. Hill, being duly sworn, depose and state the following:

## I.    INTRODUCTION

1.    I am an Enforcement Officer for United States Customs and Border Protection ("CBP"). I have been employed with CBP, formerly known as the United States Immigration and Naturalization Service ("INS"), for over twelve years. I have received specialized training in, and I am experienced in, the detection of counterfeit and altered documents.

2.    This affidavit is being submitted in support of a criminal complaint charging JOHN DOE with fraud and misuse of visas, permits, and other documents, in violation of Title 18, United States Code, Section 1546(a).

3.    The facts and information contained in this affidavit are based upon my personal knowledge of the investigation and information obtained from other state and federal law enforcement officers. All observations referenced in this affidavit that were not made by me were related to me by the person who made such observation.

4.    This affidavit contains information necessary to support probable cause.

The information contained in this affidavit is not intended to include each and every fact and matter observed by me or known to the government.

## II. PROBABLE CAUSE

5. On December 3, 2015, I received notice that a suspected imposter was scheduled to depart Dulles International Airport via South African Airways flight 210. The notice indicated that the suspected imposter, later determined to be JOHN DOE, was using the name and identity of "A.K.B.," a native of the Republic of Ghana and a naturalized citizen of the United States.

6. I made contact with JOHN DOE prior to his flight's departure. JOHN DOE presented a Ghanaian passport and a Lawful Permanent Resident "Green Card." In response to questioning, JOHN DOE stated that A.K.B. is his birth name and that he had never changed his name or used a different name. Following this contact, JOHN DOE was permitted to board his flight to Accra, Ghana.

7. Following this contact with JOHN DOE on December 3, 2015, I and other CBP officers investigated the allegation that JOHN DOE was falsely using the name and identity of A.K.B. The investigation included review of records kept by United States Citizenship and Immigration Services ("USCIS"), the agency that is now responsible for the immigration service functions previously handled by INS.

### A. John Doe's Initial Contact with U.S. Immigration Authorities

8. Although the precise date is unknown, CBP investigation indicates that JOHN DOE likely entered the United States in approximately 1992.

9. On or about February 16, 1994, JOHN DOE submitted Form I-589 to INS,

requesting asylum in the United States. JOHN DOE's Alien Registration Number, or "A Number," is A73037724. In his asylum application, JOHN DOE used the name of A.K.B. JOHN DOE stated in his asylum application that he had left Ghana by "travel[ing] on a fictitious document." JOHN DOE further stated in his asylum application that he had arrived in the United States at New York on September 6, 1992 as a stowaway.

10.     On the G-325A biographical information form submitted with his asylum application, JOHN DOE stated that his father's name is Kobina Beneman and that his mother's name is Ama Annan.

11.     After failing to appear for his asylum interview, JOHN DOE's case was referred to an immigration judge for a hearing on January 11, 1999 for removal proceedings. JOHN DOE failed to appear for that hearing, and the immigration judge terminated the removal proceedings.

**B.     John Doe's Applications for Lawful Permanent Resident Status and Naturalization**

12.     On or about April 17, 2001, a Form I-130 petition for an alien relative was filed on JOHN DOE's behalf. The basis of the petition was JOHN DOE's March 6, 2001 marriage to the petitioner. The petitioner subsequently became a naturalized citizen of the United States on or about March 21, 2003, giving JOHN DOE relative status.

13.     On or about November 27, 2002, JOHN DOE filed a Form I-102, requesting a nonimmigrant arrival-departure document. On that form, JOHN DOE stated that he had arrived in the United States at John F. Kennedy Airport in New York in late

1992 on a B-2 tourist visa. After JOHN DOE failed to respond to a request for evidence from USCIS, the I-102 request was considered abandoned and was denied.

14.     On or about July 8, 2003, JOHN DOE filed a Form I-485 application to register permanent residence or adjust status. As part of this application, JOHN DOE provided to USCIS a "Certified Copy of Entry in Register of Births," issued by the Republic of Ghana (the "birth certificate"). The birth certificate purports to document the birth of A.K.B.

15.     The birth certificate was issued on April 15, 2003, the day after the registration of JOHN DOE's birth (purportedly June 30, 1964) with the Ghanaian government. On the birth certificate, JOHN DOE's father is listed as Mathew Kwesi Benemah, and his mother is listed as Esther Esson. On the G-325A biographical information form submitted with his permanent residence application, JOHN DOE stated that his father's name is Mathew Beneman and his mother's name is Esther Essoun. In addition to the spelling differences noted above, this information conflicts with the information JOHN DOE provided in the biographical information form he submitted with his asylum application on or about February 16, 1994.

16.     JOHN DOE's permanent residence application was granted on or about January 21, 2004, on the basis that he was the spouse of a United States citizen.

17.     USCIS has determined that JOHN DOE and his spouse never lived together in the United States. USCIS has also determined that JOHN DOE and his spouse divorced on or about September 25, 2007.

18.     At the request of the United States Embassy in Accra, Ghana, Ghanaian

4

officials examined the birth certificate and determined that it was a "duplicate" of a

separate birth record in the name of A.K.B.  As a result, on or about August 5, 2009,

Ghanaian officials stated that the birth certificate had been "cancelled" from the Register

of Birth at the Liberation Road Registry in Ghana.

19.     On or about August 10, 2009, JOHN DOE filed a Form N-400 application

for naturalization.  The basis of JOHN DOE's application for naturalization was that he

had been a lawful permanent resident of the United States for at least five years.

20.     On or about January 26, 2010, USCIS interviewed JOHN DOE in relation

to his application for naturalization.  During that interview, in a sworn statement, JOHN

DOE stated that he has never used a false birth certificate, that he has never provided

false or misleading information to any United States government official while applying

for any immigration benefit, and that he first entered the United States in 1992 in

Alabama as a stowaway aboard a nautical vessel.  This information conflicts with the

information JOHN DOE provided in his February 16, 1994 request for asylum.

21.     On or about March 31, 2010, USCIS notified JOHN DOE of its intent to

deny his application for naturalization.  USCIS indicated that its intent to deny was based

on JOHN DOE's failure to establish good moral character (due to the false and

misleading statements JOHN DOE provided to USCIS officials) and USCIS's conclusion

that he did not lawfully obtain permanent residence (due to his apparently false birth

certificate and evidence that he had not resided in marital union with his spouse).

22.     On or about August 10, 2010, USCIS denied JOHN DOE's application for

naturalization.

5

**C.    Documents Presented During John Doe's Entries into the United States**

23.    JOHN DOE has been readmitted to the United States approximately six times since 2009.  Based on my training and experience and my investigation of this matter, I know that during each such readmission, JOHN DOE was required to present a valid passport, his lawful permanent resident Green Card, or both.  JOHN DOE's readmissions to the United States, at least two of which took place within the Eastern District of Virginia, are documented below.

| Date | Port of Entry | Identification Provided |
|---|---|---|
| June 29, 2009 | Boston, MA (Logan International Airport) | Ghanaian passport and Green Card in the name of A.K.B. |
| October 1, 2009 | Loudoun County, VA (Dulles International Airport) | Ghanaian passport and Green Card in the name of A.K.B. |
| February 17, 2011 | Atlanta, GA (Hartsfield-Jackson Atlanta International Airport) | Green Card in the name of A.K.B. |
| January 20, 2012 | Loudoun County, VA (Dulles International Airport) | Ghanaian passport and Green Card in the name of A.K.B. |
| January 16, 2014 | Anne Arundel County, MD (BWI Thurgood Marshall Airport) | Ghanaian passport and Green Card in the name of A.K.B. |

**D.    The True A.K.B.**

24.    CBP investigation has revealed that the true A.K.B. is a native of Ghana who naturalized as a citizen of the United States on or about May 29, 2015.  A.K.B. currently resides in New Jersey.  He has an Alien Registration Number different from that associated with JOHN DOE.

6

25.    Like JOHN DOE, A.K.B.'s birth certificate indicates a date of birth of June 30, 1964.  A.K.B.'s birth certificate similarly lists his father as Mathew Kwesi Benemah and lists his mother as Esther Esoun.

26.    On or about February 25, 2008, A.K.B. filed a police report with the New Brunswick, New Jersey Police Department, claiming identity theft.  When applying for credit, A.K.B. had discovered that his U.S. credit history included unpaid medical bills that predated his presence in the United States.

*Remainder of this page intentionally left blank.*

7

## III.   CONCLUSION

27.     Based on the foregoing information, there is probable cause to believe that

on or about January 20, 2012, within the Eastern District of Virginia, JOHN DOE did

knowingly utter, use, possess, a document prescribed by statute or regulation for entry

into or as evidence of authorized stay or employment in the United States, that is a

Ghanaian passport in the name of A.K.B. and a lawful permanent resident Green Card in

the name of A.K.B., both of which JOHN DOE knew to be forged, counterfeited, altered,

falsely made, procured by means of a false claim and statement, otherwise procured by

fraud, or otherwise unlawfully obtained; in violation of Title 18, United States Code,

Section 1546(a).

28.     I declare under penalty of perjury that the statements above are true and

correct to the best of my knowledge and belief.

_____
Tiffany J. Hill
Enforcement Officer
U.S. Customs and Border Protection

Sworn and subscribed to before me the **13**ᵗʰ day of January, 2016 at Alexandria,
Virginia.

_____/s/_____
John F. Anderson
United States Magistrate Judge

The Honorable John F. Anderson
United States Magistrate Judge

8